**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE DAVI FAMILY TRUST, et. al., | CASE NO. 5:13-cv-00160 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| AGGRESSIVE ENERGY GROUP, INC., et. al., | [Docket Item No(s). 48] |
| Defendant(s). | |

Presently before the court is a Motion for Entry of Default Judgment filed by Plaintiffs The Davi Family Trust and Bert Cutino ("Plaintiffs"). See Docket Item No. 48. According to the motion, Plaintiffs seek a default judgment against Defendant Tyludadeda, LLC d/b/a Tropical Trail Energy Group ("Tyludadeda"). Tyludadeda did not object or otherwise respond to the Motion. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for August 8, 2014, is VACATED.

Having carefully reviewed the documents submitted by Plaintiffs, the court finds and orders as follows:

1. Federal subject matter jurisdiction arises under 28 U.S.C. § 1332 because Plaintiffs, on the one hand, and Tyludadeda, on the other, are domiciled in different states and the amount in controversy exceeds $75,000.00. The court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2.     The court has personal jurisdiction over Tyludadeda because it, through promoters such as Roy L. Briggs ("Briggs"), committed a purposeful act within California by soliciting Plaintiffs' investment in the oil and gas drilling program. This lawsuit arises directly from that conduct, and the court finds that the action in this court comports with principles of fair play and substantial justice. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985).

3.     The Eitel factors weigh in favor of entry of default judgment. See Eitel v McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). First, failure to enter default judgment in would result in prejudice to Plaintiffs, who have until now been denied an opportunity for full recovery on their failed investment. Second, the Complaint and the evidence produced with this Motion is sufficient to support Tyludadeda's liability for violations of §§ 33(a)(1), (a)(2) and (f)(2) of the Texas Securities Act. Third, the sum of money at stake - $64,000.00 - is relatively small. Fourth, there is no dispute of material fact. Fifth, it is unlikely that entry of Tyludadeda's default was the result of excusable neglect since it was served with process over three years ago and there is no evidence to suggest it is unaware of this action. Sixth, although federal policy generally disfavors the entry of a default judgment, all of the other Eitel factors favor of a default judgment here. Therefore, this general policy is outweighed by the more specific considerations.

4.     Plaintiffs have proven with satisfactory and substantial evidence an entitlement to damages of $64,000.00, prejudgment interest of $17,241.66, and attorneys fees and costs of $65,735.96.

Accordingly, the Motion for Entry of Default Judgment is GRANTED. A judgment consistent with this order will issue from the court.

This action remains unresolved as to Briggs, who it appears was involved in bankruptcy proceedings as of March 25, 2011. See Docket Item No. 6. The court therefore schedules a Case Management Conference at **10:00 a.m. on September 5, 2014**, to determine how and whether Plaintiffs intend to proceed against Briggs. The parties that remain shall file a Joint Case

Management Statement on or before **August 29, 2014**, which provides, inter alia, an update on Briggs' bankruptcy proceedings unless Briggs is dismissed from this action prior to that date.

**IT IS SO ORDERED.**

Dated:  August 4, 2014

_____
EDWARD J. DAVILA
United States District Judge